UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: DANIEL W. DUMONT,  1:15-af-1
  (GLS)

**Respondent.**
_____

## ORDER

On August 18, 2014, United States District Judge Glenn T. Suddaby recommended that Daniel W. Dumont be enjoined from further filings in this District without permission from the Chief Judge. (Dkt. No. 58, 3:13-cv-873.) As such, Dumont must be given an opportunity to show cause why an anti-filing injunction should not be entered.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court

should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (citation omitted).

After carefully reviewing the record—including Judge Suddaby's order referring the matter, (Dkt. No. 58, 3:13-cv-873)—the court concludes that unless Dumont shows cause otherwise, he should be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge. In addition to the underlying cause of action, Dumont has filed six *pro se* civil actions[1] in three different federal district courts. Each of these six actions have been dismissed based on pleading deficiencies or

---

[1] *See Dumont v. Fertig*, No. 13-CV-0214, Complaint (N.D.N.Y. filed Feb. 26, 2013) (*pro se* civil rights action); *Dumont v. Bassett Med. Ctr.*, No. 11-CV-0974, Complaint (N.D.N.Y. filed Aug. 17, 2011) (*pro se* civil rights action); *Dumont v. Morgan & Stanley*, No. 10-CV-0886, Complaint (N.D.N.Y. filed July 20, 2010) (*pro se* antitrust action); *McIntosh v. Gauthier*, No. 03-CV-0442, Complaint (M.D. Fla. filed Dec. 11, 2003) (*pro se* diversity tort action); *Dumont v. Scottsdale Ins. Co.*, No. 03-CV-1057, Complaint (D. Conn. filed June 16, 2003) (*pro se* diversity breach of insurance contract action); *Dumont v. Collins*, No. 02-CV-0548, Complaint (D. Conn. filed Mar. 27, 2002) (*pro se* diversity breach of contract action).

failure to comply with court directives.² In addition, Dumont has filed five appeals in civil actions.³ While one of those appeals was withdrawn by Dumont, three have been dismissed based on lack of merit or failure to comply with court directives, and the remaining appeal was not resolved in Dumont's favor.⁴

There is little doubt that Dumont lacks a good-faith expectation in

---

²*See Dumont v. Fertig*, No. 13-CV-0214, Judgment (N.D.N.Y. filed June 18, 2013) (McAvoy, S.J.) (dismissing action for lack of subject matter jurisdiction, failure to state a claim, failure to comply with a court order and failure to properly effectuate service); *Dumont v. Bassett Med. Ctr.*, No. 11-CV-0974, Judgment (N.D.N.Y. filed April 4, 2012) (Sharpe, C.J.) (dismissing action for lack of subject matter jurisdiction and for failure to state a claim); *Dumont v. Morgan & Stanley*, No. 10-CV-0886, Judgment (N.D.N.Y. filed July 2, 2013) (McAvoy, S.J.) (dismissing action for failure to prosecute); *McIntosh v. Gauthier*, No. 03-CV-0442, Judgment (M.D. Fla. filed July 15, 2005) (Hodges, S.J.) (dismissing for failure to prosecute and failure to comply with the court's orders); *Dumont v. Scottsdale Ins. Co.*, No. 03-CV-1057, Judgment (D. Conn. filed Oct. 6, 2003) (dismissing); *Dumont v. Collins*, No. 02-CV-0548, Judgment (D. Conn. filed Mar. 21, 2004) (Underhill, J.) (dismissing for failure to prosecute).

³*See Dumont v. Morgan & Stanley*, No. 13-2934, Notice of Appeal (2d Cir. filed Aug. 2, 2013); *Dumont v. Fertig*, No. 13-1097, Notice of Appeal (2d Cir. filed Mar. 25, 2013); *Dumont v. Bassett Med. Ctr.*, No. 12-1805, Notice of Appeal (2d Cir. filed May 3, 2012); *Dumont v. Morgan & Stanley*, No. 10-5032, Notice of Appeal (2d Cir. filed Dec. 10, 2010); *McIntosh v. Gauthier*, No. 05-14496, Notice of Appeal (11th Cir. filed Aug. 5, 2005).

⁴*See Dumont v. Morgan & Stanley*, No. 13-2934, Order (2d Cir. filed Dec. 20, 2013) (dismissing appeal for failure to file brief and appendix); *Dumont v. Fertig*, No. 13-1097, Order (2d Cir. filed Mar. 25, 2013) (granting plaintiff's motion to withdraw appeal); *Dumont v. Bassett Med. Ctr.*, No. 12-1805, Order (2d Cir. filed Sept. 27, 2012) (dismissing appeal for failure to file brief and appendix), 133 S. Ct. 1252 (Feb. 19, 2013) (denying motion for leave to proceed in forma pauperis and dismissing petition for writ of certiorari); *Dumont v. Morgan & Stanley*, No. 10-5032, Order (2d Cir. filed May 6, 2011) (*sua sponte* dismissing appeal for lack of subject matter jurisdiction), Order (2d Cir. filed June 9, 2011) (denying motion to reconsider), 132 S. Ct. 519 (Oct. 31, 2011) (denying petition for writ of certiorari); *McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006) (affirming district court's dismissal of complaint for failure to prosecute and failure to comply with court orders).

3

prevailing in his lawsuits, has caused needless expense to other parties, and it appears that sanctions lesser than an anti-filing injunction would unlikely curb Dumont's excessive filings. Notwithstanding the overwhelming support for the issuance of an anti-filing injunction, fairness and the interest of justice dictate that Dumont be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As such, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Dumont shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that if Dumont does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Dumont from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is further

4

**ORDERED** that the Clerk provide a copy of this Order to District Judge Glenn T. Suddaby; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Dumont by certified mail.

**IT IS SO ORDERED.**

February 20, 2015
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court